UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID B. MALKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-MC-581 (CEJ) |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of movant Walnut Street Securities, Inc., to quash a subpoena duces tecum. Plaintiff David B. Malkin has filed a response and the issues are fully briefed.

**I.  Background**

David B. Malkin was a branch manager for movant Walnut Street Securities, with direct supervisory responsibilities for the firm's registered representatives, including broker Malcom Chu. One of Chu's clients, Patricia Walsh, alleged that she was sold an inappropriate investment product and, on April 3, 2002, filed a claim for arbitration with the National Association of Securities Dealers (NASD). Chu, Malkin, and Walnut Street were named as respondents; the claims against Malkin were based upon his alleged failure to properly supervise Chu.

Continental Casualty Company (Continental) provided errors and omissions coverage for Chu and Malkin. Continental retained Jeffrey J. Kalinowski and the law firm of Blackwell Sanders Peper

Martin, LLP (Blackwell Sanders), to represent Malkin, Chu and Walnut Street in the proceedings before the NASD. The arbitrators found in favor of Ms. Walsh, awarding her compensatory and punitive damages.

Malkin filed suit in the United States District Court for the District of New Jersey, asserting claims of bad faith and legal malpractice against Continental, Kalinowski, and Blackwell Sanders. On September 8, 2008, Malkin served upon Walnut Street a subpoena seeking the following categories of documents for the period of 1996 through 2002:

1. Documents relating to training provided by Walnut Street to Malkin's office regarding company procedures;

2. Documents relating to training provided by Walnut Street to registered representatives in Malkin's office regarding policies and procedures;

3. Documents relating to branch-manager training Malkin received from Walnut Street;

4. Documents relating to training Malkin received regarding supervision of registered representatives;

5. Documents relating to audits or reviews of the representatives in Malkin's office;

6. Documents reflecting communications between Walnut Street and registered representatives regarding failures to follow policies;

7. Documents reflecting communications between Walnut Street and Malkin regarding registered representatives' failure to follow policies;

8. Documents reflecting communications between Walnut Street and Malkin regarding Malkin's failure to follow policies;

9. Documents relating to annual inspections by Walnut Street of Malkin's office;

10. Documents reflecting communications between Walnut Street and Malkin regarding audits or deficiencies; and

11. Documents reflecting communications between Walnut Street and Malkin regarding annual inspections.

Walnut Street argues that the document requests are not relevant to Malkin's legal malpractice claim, are overbroad, and that production of the documents would cause undue hardship.[1]

**II. Discussion**

Parties may obtain discovery regarding any matter that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. However, "even if relevant, discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 935 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984)). "Concern for the burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Id. at 927 (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)).

**A. Relevance**

---

[1] Walnut Street has withdrawn its initial contention that the subpoena was improperly served.

Walnut Street contends that "[a]lthough the documents . . . may have had some relevance in the Walsh matter," the documents Malkin seeks are irrelevant to his claims in his legal malpractice action. Plaintiff argues that their relevance to the Walsh matter is exactly why they are relevant now: they are essential, he contends, to the "case within a case" that he must prove in order to prevail on his legal malpractice action. Under New Jersey law, "[t]he requisite elements of a cause of action for legal malpractice are: (1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) the breach of that duty; and (3) proximate causation." Conklin v. Hannoch Weisman, 678 A.2d 1060, 1070 (N.J. 1996) (quoting Lovett v. Estate of Lovett, 593 A.2d 382 (N.J. Super. Ch. Div. 1991)). The test for proximate cause in legal malpractice actions is whether the alleged negligence was a "substantial factor" in bringing about the ultimate harm. Id. at 1072-73. "The negligent attorney . . . often does not 'create' the risk of intervening harm (the attorney does not make the borrower more likely to become insolvent), but rather fails to take the steps that competent counsel should take to protect a client from the risks that ultimately produce the injury." Id. at 1071.

Malkin submits a copy of a preliminary expert report prepared for the purpose of mediation by David E. Robbins. Mr. Robbins opines that Kalinowski's performance was deficient in four respects. First, Kalinowski failed to properly manage the conflicts of interest arising from the joint representation,

including the failure to discuss with Malkin the availability of crossclaims against Chu and Walnut Street.[2]  Second, Kalinowski failed to inform Malkin that he might lose at arbitration, even after the defense expert opined that the challenged annuity was an inappropriate investment for the client.  Third, Kalinowski failed to properly prepare for arbitration in that he did not conduct a thorough investigation or meet with Chu and Malkin until the day before the arbitration hearing; nor did he prepare Malkin for his testimony.  Finally, Kalinowski failed to follow Malkin's instructions to make a realistic offer of settlement.  This was, Robbins opines, especially important in light of Kalinowski's inability to find a defense expert to support his case.

The Court believes that the documents Malkin seeks are relevant to determining whether Kalinowski engaged in improper joint representation of parties with conflicting interests, and thereby failed to protect Malkin from foreseeable risks.

**B.** **Overbreadth**

Walnut Street also contends that the document requests are overbroad.  The Court agrees.  Plaintiff offers no justification for seeking documents with respect to the supervision, training and performance of brokers other than Malkin and Chu.  Furthermore, the

---

[2]Plaintiff contends that the documents establish that Walnut Street approved the opening of the customer's account without requiring Malkin's written approval.  Further, Chu submitted the challenged annuity application directly to the annuity company, bypassing both Malkin and Walnut Street.  Those facts, Malkin contends, created a conflict between his interests and those of his co-respondents at arbitration.

requests exceed the relevant time period of 1999 to 2001, when Chu sold the annuity to Ms. Walsh. The Court believes there will be no undue burden on Walnut Street to produce documents that are limited to Malkin and Chu and that are limited to the relevant time period. See Fed.R.Civ.P. 45 (c)(3)(A)(iv).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Walnut Street Securities, Inc., to quash subpoena duces tecum [Doc. #1] is **granted in part and denied in part**, as discussed above.

**IT IS FURTHER ORDERED** that Walnut Street Securities, Inc., shall produce documents in accordance with this order no later than **December 17, 2008**.

						_____
						CAROL E. JACKSON
						UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2008.